UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Case No. 1:02-cr-35

v                                                      HON. JANET T. NEFF

RICHARD LEE BOWDEN,

    Defendant-Movant.

_____/

## OPINION

Pending before this Court is Richard Lee Bowden's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by the Honorable David W. McKeague on January 4, 2006. This matter was transferred to the undersigned on December 11, 2008, pursuant to Administrative Order No. 08-187. For the following reasons, the motion is denied.

### I. BACKGROUND

On August 8, 2002, Bowden was found guilty by a jury of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii). On January 13, 2003, Judge McKeague sentenced Bowden to 168 months in prison; 5 years supervised release; a fine of $2,940.00; and a special assessment of $100.00.

Bowden filed an appeal with the United States Court of Appeals for the Sixth Circuit, which affirmed the conviction and sentence on August 24, 2004. *United States v. Bowden*, 380 F.3d 266 (6th Cir. 2004). Bowden's petition for rehearing was denied on October 26, 2004. *Id.* Bowden filed

a petition for writ of certiorari raising the applicability of *Booker* to his sentence. On March 7, 2005, the Supreme Court granted certiorari, vacated the judgment of the Sixth Circuit Court of Appeals, and remanded the case "for further consideration in light of *United States v. Booker,* 543 U.S. 220 (2005)." *Bowden v. United States*, 544 U.S. 902 (2005).

The Sixth Circuit reinstated its original opinion of May 24, 2004 "with the exception of footnote 5 and the sentence in the text to which it is appended." *United States v. Bowden*, 408 F.3d 847 (6th Cir. 2005). With respect to Bowden's sentence, the Sixth Circuit reversed the judgment of the district court, vacated the sentence, and remanded to the district court for resentencing in accordance with *Booker*. *Id.*

On December 19, 2005, Bowden was again sentenced to 168 months in prison; 5 years of supervised release; a fine of $2,940.00; and a special assessment of $100.00. An amended judgment was filed on January 4, 2006. Bowden again appealed his sentence. The Sixth Circuit affirmed Bowden's amended sentence on August 24, 2007. *United States v. Bowden*, 240 Fed. Appx. 56 (6th Cir. 2007). In Bowden's second appeal to the Sixth Circuit, he also argued that his father, Cleveland Bowden, could not give valid consent to a search once Richard Bowden revoked his own prior consent to search of the house. The Sixth Circuit did not reach that issue because "the inevitable discovery doctrine barred his claim." *Id.* at 60-61. The Supreme Court denied certiorari. *Bowden v. United States*, 128 S. Ct. 1323 (2008).

On September 26, 2008, Bowden filed this § 2255 motion, raising multiple claims of ineffective assistance of counsel (Dkt 124). On December 19, 2008, he filed a Motion to Amend his § 2255 motion to add one more ineffective-assistance-of-counsel claim (Dkt 131). The

government filed a response to Bowden's § 2255 motion on January 12, 2009 (Dkt 132).[1] The government did not file a response to Bowden's Motion to Amend, although the government addressed the new ineffective-assistance-of-counsel claim in its response to Bowden's § 2255 motion. On February 23, 2009, Bowden filed a reply to the government's response (Dkt 135).

## II. ANALYSIS

### A. Section 2255 Motion

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains or (2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro,* 538

---

[1] Bowden filed two motions seeking to compel the government to file a response to his motion (Dkts 129, 134), which this Court now denies as moot.

U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)).

The files and records in this case conclusively show that Bowden is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

## B. Ineffective-Assistance-of-Counsel Claims

Bowden, who was represented by the same attorney at trial and on appeal, makes a total of seven arguments that his counsel rendered him ineffective assistance at both the trial and appellate levels. Each argument is reviewed under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984), which the Supreme Court established to evaluate ineffective assistance of counsel claims.

To establish ineffective assistance of counsel, a movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that

4

counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. *See also Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland,* 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697.

1. Cleveland Bowden's Consent

Bowden argues that his trial counsel was ineffective because she failed to raise and argue during the three-day suppression hearing that Bowden's father's consent to search his house was involuntary due to his advanced age. Bowden emphasizes that his father "was a 77 year old man who could barely read and write because he had only a 7th grade education" (Mot. 32). According to Bowden, his father was "intimidated and coerced and threatened by the police officers, thereby rendering his consent involuntary" (*id.*).

5

Bowden's argument is without merit.

First, Bowden's counsel did argue at the original suppression hearing that Cleveland Bowden's consent was not voluntary. During oral arguments on the motion to suppress, the following dialogue occurred between Judge McKeague and Bowden's counsel:

> THE COURT: But what evidence do you point to that refutes testimony of the officers that Cleveland did give consent, and it was operative for that fairly short period of time when Hake is searching the garage and Hecht is searching the kitchen. Because that's all that we know from this record that was going on, that the government – for which the government is relying upon Cleveland's consent.
>
> MS. KRANENBERG (Bowden's counsel): Two factors, your Honor. First, we don't agree that Cleveland Bowden, regardless of the bantering back and forth and the consenting and the revoking, that any consent that he did give could at all have been voluntary. [7/9/2002 Mot. to Suppress Hrg. 21]

At a later point in the argument, Bowden's counsel again reiterated her argument that Cleveland Bowden "didn't have the capacity for consent, never received any advice to consent, and any consent that he may have given was involuntary" (*id.* 33).

Judge McKeague made the following findings:

> In conversation with the police, Cleveland Bowden indicated that it was his house, and that his kids sometimes live there with him, and that the defendant stayed there with him as well. The evidence in this case indicates that Cleveland Bowden gave the appropriate answers to the questions that he was asked, and at no point said or indicated that he either couldn't hear or didn't understand. The Court carefully observed Cleveland Bowden's testimony before this Court, and while he clearly is an older gentleman with some physical infirmities, once it was clear that he could hear, the Court didn't observe any difficulty that he had in understanding, once the question was made clear.
>
> * * *
>
> Taking all of this evidence in its entirety, the Court finds that he is competent and – or better or more appropriately stated, was competent at the time in question here. . . . Finally, the Court finds no evidence of a coercive atmosphere here that would somehow obviate the consent obtained or given by both Richard and Cleveland Bowden. [*Id.* 102-03, 105]

In short, there is no evidence to support Bowden's assertion that his trial counsel was ineffective in failing to argue that Cleveland Bowden's consent was not voluntary. The opposite is true and clear from the record. Bowden's argument does not show that trial counsel's actions fell below an objective standard of reasonableness.

## 2. Suppression of the Evidence

Second, Bowden argues that counsel failed to provide him effective assistance by failing to argue on Bowden's direct appeal that Cleveland Bowden's "consent was sufficiently an act of free will to purge the primary taint of the unlawful invasion" (Mot. 29). Bowden emphasizes that if consent is obtained after an initial illegal entry, then the evidence found pursuant to consent must be suppressed (*id.* 24-27).

Bowden's argument is without merit.

Bowden fails to allege an illegal entry that requires suppression of evidence. The trial court found that "defendant invited the officers into the enclosed front porch, and upon their request to do a walk-through of the house, he then exited the front of the house, walked around to the rear door, and came through the house to unlock the front door" (7/9/2002 Mot. to Suppress Hrg. 95). The trial court also found that "[t]he record is undisputed that the defendant agreed to a walk-through of the house..." (*id*.). Absent facts or allegations of an illegal entry, suppression would not be warranted. "[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001).

7

3. Protective Sweep

Bowden next contends that his counsel was ineffective in not raising and sufficiently briefing on direct appeal that the protective sweep conducted by the police of his father's house violated his Fourth Amendment rights (Mot. 29). Bowden argues that there was "no evidence that he was a dangerous individual and no indication that any other persons, other than Petitioner and his father, were in the house at the time the 'protective sweep' was conducted" (*id.* 36).

Bowden's argument is without merit.

On Bowden's direct appeal, Bowden's counsel fully briefed and argued three issues that the Sixth Circuit ultimately found unconvincing: (1) that the trial court erred when it denied Bowden's motion to suppress; (2) that the trial court erred when it denied Bowden's Rule 29 motion for acquittal; and (3) that the trial court erred when it overruled Bowden's objection to a two-level enhancement for a weapon pursuant to U.S. SENTENCING GUIDELINES (U.S.S.G.) MANUAL § 2D1.1(b)(1). Counsel also mentioned, but did not fully brief, several other issues, including the argument that the protective sweep violated Bowden's Fourth Amendment rights.

The fact that Bowden's counsel addressed three main issues on appeal makes it difficult for Bowden to now argue that counsel was ineffective in not focusing more directly on a different issue. When reviewing a claim of ineffective assistance of counsel on appeal, the Supreme Court has indicated that courts are not to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every colorable claim suggested by a client. *Jones v. Barnes,* 463 U.S. 745, 754 (1983). "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Id.* at 752. "Generally, only when ignored issues are clearly stronger than those presented,

will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (quoted with approval in *Smith v. Robbins,* 528 U.S. 259, 288 (2000)).

The Supreme Court has recognized that a protective sweep for the protection of the officers incident to an arrest is justified if there are "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie,* 494 U.S. 325, 334 (1990). The Sixth Circuit made clear that the "principle enunciated in *Buie* with regard to officers making an arrest – that the police may conduct a limited protective sweep to ensure the safety of those officers – applies with equal force to an officer left behind to secure the premises while a warrant to search those premises is obtained." *United States v. Taylor,* 248 F.3d 506, 513 (6th Cir. 2001).

In this case, the officers knocked on the door to Bowden's house and did not receive an answer (7/2/2002 Mot. to Suppress Hrg. 38, 142). The officers subsequently made contact with Bowden, who agreed to allow the officers to walk through the house (*id.* 40, 144). During the walk-through it was discovered that Cleveland Bowden was in the house (*id.* 43, 130). After the officers determined they had probable cause to seek a search warrant, they secured the residence and conducted a protective sweep to ensure no one else was in the house who could pose a danger to the officers (*id.* 48, 132). The trial court found specifically that "the protective sweep was both appropriate and proper in its implementation" (*id.* 89, 111). These facts alone are enough to indicate that the issue of the protective sweep was not a "dead bang winner," or an issue stronger than the issues counsel chose to present to the appellate court. Bowden has not overcome the presumption that his counsel rendered him effective assistance on appeal.

9

4. Knock-and-Talk Search

Bowden argues that his counsel was ineffective in failing to argue on appeal that the lack of sufficient procedural standards for the "knock and talk" investigative technique used by the police violated the Fourth Amendment (Mot. 30). Bowden concedes that the knock-and-talk procedure is acceptable if the occupant gives voluntary consent to search his or her residence (*id.* 31). However, Bowden maintains that his father's consent to search was involuntary and therefore could not be the basis of a valid search pursuant to a knock and talk by the police (*id.* 32).

Bowden's argument is without merit.

"Federal courts have recognized the 'knock and talk' strategy as a reasonable investigative tool when officers seek to gain an occupant's consent to search or when officers reasonably suspect criminal activity." *United States v. Jones,* 239 F.3d 716, 720 (5th Cir. 2001) (quoted with approval in *Ewolski v. City of Brunswick,* 287 F.3d 492, 504-05 (6th Cir. 2002)). The record in this case is clear that the police officers approached Bowden's house based on a tip that he was involved in drug trafficking. The district court specifically found that "there was nothing improper whatsoever about the knock-and-talk technique employed by the case – by the police in this case" (7/9/2002 Mot. to Suppress Hrg. 108-09). The district court further found that "there simply is no requirement that there be written procedures" for the knock-and-talk technique (*id.* 109).

Bowden completely disregards the fact that he himself gave police the initial consent to perform the walk-through of the house, not his father. The only consent at issue with regards to the knock-and-talk technique is Bowden's consent, and it is clear that Bowden gave the initial consent. Accordingly, Bowden is unable to show that his counsel's actions on appeal "were outside the wide

range of professionally competent assistance" or "fell below an objective standard of reasonableness."

### 5. Rehearing

Bowden argues that his counsel was ineffective in failing to challenge the Sixth Circuit's ruling that *Georgia v. Randolph*, 547 U.S. 103 (2006), did not require suppression of the evidence seized. Bowden states that "Appellant Counsel should have filed a request for reconsideration or a rehearing or she should have requested an en banc hearing so that a full panel of the Sixth Circuit could have considered this case" (Mot. 41).

Bowden's argument is without merit.

The Supreme Court has established that the "right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). The Court has further held that a "criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court." *Wainwright v. Torna,* 455 U.S. 586, 587 (1982) (citing *Ross v. Moffitt*, 417 U.S. 600 (1974)).

The Fifth Circuit specifically concluded that a "criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal." *Jackson v. Johnson,* 217 F.3d 360, 365 (5th Cir. 2000). In an unpublished case, the Sixth Circuit reached the same conclusion, holding that "[i]t is apparent from both this court's local rules and the Federal Rules of Appellate Procedure that the granting of a rehearing en banc by this court is discretionary. *See* FED. R. APP. P. 35(a); Rule 14(c), Rules of the Sixth Circuit. The

11

logic of *Wainwright* and *Ross* is that there is no constitutional right to counsel in seeking rehearing en banc." *McNeal v. United States,* 1995 WL 290233, *2 (6th Cir. 1995).

Hence, where he had no constitutional right to counsel on matters related to filing a motion for rehearing or hearing en banc, Bowden could not have been denied the effective assistance of counsel by his counsel's failure to pursue these forms of discretionary review.

### 6. Re-Sentencing

Bowden argues that his counsel rendered him ineffective assistance at his re-sentencing because she failed to object on any procedural grounds when given the opportunity, thereby limiting the Sixth Circuit to reviewing for plain errors. Bowden argues that if his counsel had objected at the trial court level, then the Sixth Circuit would have reviewed his sentence for reasonableness, and the outcome of his appeal would have been different (Mot. 47-48)

Bowden's argument is without merit.

In this case, the Sixth Circuit reviewed Bowden's sentence for plain error, but it also made the specific finding that the sentence was reasonable. The Sixth Circuit stated, "The 168-month sentence imposed by the district court is reasonably calculated to comply with the purposes of sentencing set out in § 3553(a)(2). The sentence is at the very bottom of the applicable guidelines range. Nothing about Bowden's specific circumstances demonstrates that such a sentence is unreasonable." *Bowden,* 240 Fed. Appx. at 59-60. In light of the specific finding that Bowden's sentence was reasonable, his argument that the outcome of his appeal would have been different had his counsel properly preserved objections to his sentence necessarily fails. Regardless of any potential error committed by counsel, Bowden was not prejudiced.

12

### 7. Prior Convictions

In his Motion to Amend and his reply to the government's response, Bowden argues that his counsel was ineffective during plea negotiations. Specifically he asserts that counsel "never investigated whether the petitioner's prior convictions qualified under 21 U.S.C. 851."

21 U.S.C. § 851(a)(1) provides in pertinent part the following:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Here, the government filed an information and Notice of Prior Felony Drug Convictions (Dkt 42) on July 24, 2002. The Information and Notice referenced two prior felony drug convictions for violation of MICH. COMP. LAWS § 333.7341(3) (distribution of imitation controlled substance), upon which the government intended to rely to seek a sentence enhancement if Bowden were found guilty. The effect of the notice, if it had been correct, would have been to increase Bowden's mandatory minimum sentence to life in prison pursuant to 21 U.S.C. § 841(b)(1)(A).

Bowden was found guilty on August 8, 2002 of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii). Following his conviction, his counsel filed a Motion to Dismiss Government's Information and Notice of Prior Felony Drug Convictions and For the Hearing Required by 21 U.S.C. § 851(c) (Dkt 65). Judge McKeague granted the motion, finding that Bowden's prior convictions did not subject him to enhanced punishment for "prior felony drug" convictions (1/13/2003 Sent. 11-12).

Bowden claims that if his counsel had requested the § 851(c) hearing *before* trial and obtained the same ruling, then the government would have offered him a better plea deal that he

would have taken and he could have taken advantage of a three-point reduction in his guideline calculation for acceptance of responsibility and received a sentence less than 168 months. Bowden argues that his counsel's failure to seek a pre-trial § 851(c) hearing amounted to ineffective assistance of counsel.

Bowden's argument is without merit.

21 U.S.C. § 851(b) provides that "[i]f the United States attorney files an information under this section, the court shall *after* conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information" (emphasis added). Although the statute does not explicitly prohibit a party from seeking a pre-plea or pre-trial § 851(c) hearing, neither is counsel ineffective because she did not pursue that course. Furthermore, the record does not indicate that the government was willing to offer a better plea deal or that Bowden was ready to plea if such a deal were offered. The existence of such contingencies demonstrates that Bowden has failed to show that the actions of his counsel fell outside the wide range of professionally competent assistance.

### III. CERTIFICATE OF APPEALABILITY

Having determined that none of Bowden's arguments merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by Judge McKeague, this Court may also determine whether to issue a certificate of appealability. *See Castro v. United States,* 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has

disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Bowden's claims under the *Slack* standard.

To warrant a grant of the certificate, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Bowden's ineffective-assistance-of-counsel claims debatable or wrong. Therefore, the Court denies Bowden a certificate of appealability as to each issue presented.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Bowden's amended § 2255 motion and denies a certificate of appealability as to each issue asserted.

An Order consistent with this Opinion will be entered.


Date: July 30, 2009         /s/ Janet T. Neff
                            JANET T. NEFF
                            United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v

RICHARD LEE BOWDEN,

    Defendant-Petitioner.

_____/

Case No. 1:02-cr-35

HON. JANET T. NEFF

## **ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Motion to Amend (Dkt 131) is GRANTED.

**IT IS FURTHER ORDERED** that the Motions to Compel (Dkts 129, 134) are DENIED as moot.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt 124) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED as to each issue asserted.

Date: July 30, 2009

    /s/ Janet T. Neff
    JANET T. NEFF
    United States District Judge